## No. 10,393.

## OATES v. OATES.

Decided November 6, 1922.

Action for divorce. Order for temporary alimony and attorney fees.

### Reversed.

### On Application for Supersedeas.

1. DIVORCE AND ALIMONY—*Pleading—Complaint.* Allegations of a complaint in an action for divorce reviewed, and held not to state a cause of action on the ground of extreme and repeated acts of cruelty.

2. *Desertion.* Under the provisions of chapter 65, S. L. 1917, desertion is a ground for divorce only if continued over a period of one year immediately preceding the beginning of the action.

3. *Alimony.* Where no cause of action is stated in a complaint for divorce, no allowance of alimony or attorney fees can be made.

*Error to the District Court of Mineral County, Hon. Jesse C. Wiley, Judge.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Messrs. PILCHER & WOODARD, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error brought this action for divorce against plaintiff in error and applied for temporary alimony and attorney's fees. To review an order of the trial court granting said application, this writ is sued out and a supersedeas prayed.

The parties hereto were married December 25, 1920. They lived together for two months, and this suit was

instituted about one month after their separation. The grounds for divorce alleged in the complaint are extreme and repeated acts of cruelty, consisting of: "Defendant finding fault with plaintiff, and his sister found fault with plaintiff which defendant approved; that plaintiff is subject with having crying spells and said sister censured plaintiff for crying and when defendant came home he reiterated what his sister had said and censured plaintiff very severely for doing so and defendant ordered plaintiff to go home to her parents and stay there; that he would never be happy with her and he then published in the Creede Candle" a notice that he would not be responsible for debts contracted by her.

On the hearing on the application for temporary alimony and attorneys fees, counsel for the husband objected to the taking of any testimony; or consideration of the application, because the complaint did not state a cause of action. The objection was overruled and exception saved.

That the very trivial offense of censure set out in this complaint does not constitute extreme and repeated cruelty requires no argument.

The ordering of plaintiff to go to her home and the publication of the notice are but allegations of desertion and must be so considered. Of course all unwarranted desertion and repudiation of a spouse involves the element of cruelty, but the two grounds are not thus to be confused.

It follows that the only possible ground for divorce set out in this complaint is desertion, which under the statute is good only if continued over the period of one year "immediately preceding the beginning of the action." Chap. 65, sec. 1, par..4, p. 178, L. 1917.

No cause of action being stated in the complaint no allowance of alimony or attorneys fees could be made.

The judgment is accordingly reversed, and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE CAMPBELL not participating.